IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Steve Spinks, Jeff Spinks and Whitney Spinks, | ) ) ) |
| Plaintiffs, | ) C.A. No.: 6:07-2619-HMH ) ) **OPINION & ORDER** |
| vs. | ) ) ) |
| The Krystal Company, | ) ) |
| Defendant. | ) ) |

This matter is before the court on Steve Spinks, Jeff Spinks and Whitney Spinks' (collectively "Plaintiffs") motion to remand and motion to stay or, in the alternative, motion for extension of time to respond to the Defendant's motion to dismiss. For the reasons set forth below, the court denies the Plaintiffs' motions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The case arises from two franchise agreements between Spinks Investments and the Defendant to operate two Krystal restaurants, one in Liberty and one in Greenville, South Carolina. (Pl.s' Mem. Supp. Mot. Remand 1.) The Liberty franchise agreement was executed on May 11, 2004. (Def.'s Mem. Opp'n Mot. Remand Ex. 4 (Liberty Franchise Agreement).) The same day, the Plaintiffs executed a guaranty agreement for the Liberty franchise agreement. (Id. Ex. 5 (Liberty Guaranty).) The Greenville franchise agreement was executed on June 22, 2004. (Id. Ex. 6 (Greenville Franchise Agreement).) Likewise, the same day, the Plaintiffs executed a guaranty agreement for the Greenville franchise agreement. (Id. Ex. 7 (Greenville Guaranty).) According to the Defendant, Spinks Investments abandoned the

1

Liberty restaurant on March 18, 2007, and abandoned the Greenville restaurant on April 1, 2007. (Id. 2.) The Defendant sent a demand for arbitration to Spinks Investments dated June 8, 2007, seeking to recover damages as a result of Spinks Investments' abandonment of the two franchises. (Def's Mem. Opp'n Mot. Remand Ex. 8 (Demand for Arbitration).) The Defendant named the Plaintiffs as respondents in the demand for arbitration.

On June 25, 2007, the Plaintiffs filed suit in the Court of Common Pleas of Greenville County, South Carolina seeking a declaration that

> (1) the two alleged guaranty agreements are unenforceable and void; (2) the Spinkses are not obligated to Krystal for any damages it alleges it has suffered as a result of any actions or omissions by Spinks Investments; and (3) regardless of whether the alleged guaranty agreements are otherwise enforceable, the Spinkses are not subject to arbitration of any dispute arising under the alleged guaranty agreements or the franchise agreements to which Krystal alleges they pertain.

(Pls.' Mem. Supp. Mot. Remand 2-3.) The Defendant removed this action to this court on July 25, 2007, on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. The Defendant filed a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure on August 1, 2007. The Plaintiffs filed a motion to remand on August 8, 2007, alleging that the requirements for diversity jurisdiction had not been met. On the same day, the Plaintiffs filed a motion to stay or, in the alternative, motion for extension of time to respond to the Defendant's motion to dismiss.

## II. Discussion of the Law

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The

Plaintiffs and the Defendant are citizens of different states.  Therefore, the issue is whether the Plaintiffs' claims satisfy the amount in controversy requirement, which requires that the "matter in controversy exceed[] the sum or value of $75,000."  28 U.S.C. 1332(a).  The burden rests on the Defendant to prove that the amount in controversy requirement has been met.  See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994)

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977).  "The Fourth Circuit adheres to the 'either party' rule when engaging in this analysis."  Candor Hosiery Mills, Inc. v. Int'l Networking Group, Inc., 35 F. Supp. 2d 476, 479 (M.D.N.C. 1998) (citing Gov't Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)).  "[T]he test for determining the amount in controversy in a diversity proceeding is the pecuniary result to either party which [a] judgment would produce."  Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (internal quotation marks omitted).  In determining the pecuniary impact of the judgment to either party, the court will look to the amount at issue in the underlying controversy.

The Defendant alleges that the amount in controversy exceeds $75,000 because it is seeking to "recover [in the arbitration] its damages caused by Spinks Investments' abandonment of the two franchises.  Specifically, Krystal seeks to recover the lost future royalties it would have earned under the remainder of the two 20-year terms, reduced to present value, and other damages caused to the brand."  (Def.'s Mem. Opp'n Mot. Remand 3.)  In the notice of arbitration, the Defendant submits that it has suffered approximate damages of $250,000.  The Defendant arrived at this figure based on the two franchises'

historical profit data, projected until the expiration of the franchise agreements, and reduced to present value. (Id. Ex. 9 (Future Lost Profits Estimate).) The Defendant's calculation of future lost profits is a good faith estimate based on historical data. The Plaintiffs do not attack the veracity of the Defendants' future lost profits estimate. However, the Plaintiffs argue that future lost profits are not recoverable under the franchise agreements. Therefore, the Plaintiffs submit that the amount in controversy does not exceed $75,000.

The court finds that the Defendant has raised the argument that it is entitled to recover future lost profits in good faith. See Wiggins v. North Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."). However, good faith alone does not control the analysis. "[I]f it appears to a legal certainty that . . . the jurisdictional amount [is not met], the case will be dismissed for want of jurisdiction . . . . However, the legal impossibility of recovery must be so certain as virtually to negat[e]" the Defendant's good faith in asserting the amount of damages. Id. at 1017 (internal quotation marks omitted).

The parties disagree whether the Defendant is entitled to recover future lost profits. Based on a review of the pleadings and the record in this case, the court finds that "the legal impossibility of recovery" by the Defendant is not certain. Id. at 1017. Therefore, the court finds that the requirements for diversity jurisdiction have been satisfied.

4

It is therefore

**ORDERED** that the Plaintiffs' motion to remand, docket number 16, is denied. It is further

**ORDERED** that the Plaintiffs' motion to stay or, in the alternative, motion for extension of time to respond to the Defendant's motion to dismiss, docket number 19, is denied. The Plaintiffs have five days from the date of this order to file a response to the Defendant's motion to dismiss.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
September 4, 2007