IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Steve Spinks, Jeff Spinks and Whitney Spinks, | ) ) ) | C.A. No.: 6:07-2619-HMH |
| Plaintiffs, | ) ) ) | **OPINION & ORDER** |
| vs. | ) ) | |
| The Krystal Company, | ) ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant's motion to dismiss based on improper venue. For the reasons set forth below, the court denies the Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The case arises from two franchise agreements between Spinks Investments and the Defendant to operate two Krystal restaurants, one in Liberty and one in Greenville, South Carolina. (Pl.s' Mem. Supp. Mot. Remand 1.) The Liberty franchise agreement was executed on May 11, 2004. (Def.'s Mem. Opp'n Mot. Remand Ex. 4 (Liberty Franchise Agreement).) The same day, the Plaintiffs executed a guaranty agreement for the Liberty franchise agreement. (Id. Ex. 5 (Liberty Guaranty).) The Greenville franchise agreement was executed on June 22, 2004. (Id. Ex. 6 (Greenville Franchise Agreement).) Likewise, the same day, the Plaintiffs executed a guaranty agreement for the Greenville franchise agreement. (Id. Ex. 7 (Greenville Guaranty).) According to the Defendant, Spinks Investments abandoned the Liberty restaurant on March 18, 2007, and abandoned the Greenville restaurant on April 1, 2007. (Id. 2.) The Defendant sent a demand for arbitration to Spinks Investments dated June

1

8, 2007, seeking to recover damages as a result of Spinks Investments' abandonment of the two franchises. (Def.'s Mem. Opp'n Mot. Remand Ex. 8 (Demand for Arbitration).) The Defendant named the Plaintiffs as respondents in the demand for arbitration.

The franchise agreements contain an arbitration provision and an allegedly subordinate forum selection clause. Paragraph 24.A.(2) of the franchise agreements provides in pertinent part that

> Franchisee acknowledges and agrees that this Agreement is entered into in Hamilton County, Tennessee and that any action sought to be brought by either party arising out of or relating to: (i) this Agreement, any other agreement between the parties, or any provision of any such agreement; (ii) the relationship created between the parties hereto . . . ; (iii) the validity of this Agreement . . . shall be brought in the United States District Court for the Southern Division of the Eastern District of the State of Tennessee or the Chancery Court of Hamilton County, State of Tennessee, and the parties do hereby waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision.

(Def.'s Mem. Supp. Mot. Dismiss Ex. 4 (Liberty Franchise Agreement) & Ex. 6 (Pleasantburg Franchise Agreement).) Further, the franchise agreements state in paragraph 24.A.(2) that " . . . the forum selected for legal actions set forth in this subparagraph is subordinate to the mandatory arbitration provision of Paragraph 24.B . . . ." (Id.) The guaranty agreements were attached to the franchise agreements and made exhibits thereto. The guaranty agreements provide that each guarantor "agrees to be personally bound by . . . each and every provision in the Franchise Agreement." (Id. Ex. 5 (Liberty Guaranty) & Ex. 7 (Greenville Guaranty).) The guaranty agreements are governed by Tennessee law. (Id.)

On March 18, 2007, Spinks Investments allegedly closed and abandoned the Liberty restaurant. (Id. 3.) On April 1, 2007, Spinks Investments allegedly closed and abandoned the Greenville restaurant. (Def.'s Mem. Supp. Mot. Dismiss 3.) The Defendant alleges that it

notified Spinks Investments that they were in default of the Franchise Agreements on March 19, 2007, and April 2, 2007, respectively.

On June 8, 2007, the Defendant alleges that it forwarded notice to Spinks Investments and the Plaintiffs notifying them of the Defendant's intent to proceed with a demand for arbitration with the American Arbitration Association. (Id.) On June 25, 2007, the Plaintiffs filed suit in the Court of Common Pleas of Greenville County, South Carolina seeking a declaration that

> (1) the two alleged guaranty agreements are unenforceable and void; (2) the Spinkses are not obligated to Krystal for any damages it alleges it has suffered as a result of any actions or omissions by Spinks Investments; and (3) regardless of whether the alleged guaranty agreements are otherwise enforceable, the Spinkses are not subject to arbitration of any dispute arising under the alleged guaranty agreements or the franchise agreements to which Krystal alleges they pertain.

(Pls.' Mem. Supp. Mot. Remand 2-3.) The Defendant removed this action to this court on July 25, 2007, on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. The Defendant filed a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure on August 1, 2007. The Plaintiffs filed a motion to remand on August 8, 2007, alleging that the requirements for diversity jurisdiction had not been met. On the same day, the Plaintiffs filed a motion to stay or, in the alternative, motion for extension of time to respond to the Defendant's motion to dismiss. The court denied the Plaintiffs' motion to remand on September 4, 2007. The Plaintiffs responded to the Defendant's motion to dismiss on September 11, 2007. On September 21, 2007, the Defendant replied.

## II. DISCUSSION OF THE LAW

The Defendant moves to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Specifically, the Defendant argues that a forum selection clause in the franchise agreements require that all claims arising under the agreement would be under the exclusive jurisdiction of the courts of Hamilton County, Tennessee. In response, the Plaintiffs argue that the guaranty agreements do not contain a forum selection clause, and South Carolina public policy contravenes application of the forum selection clause.

"[F]orum selection clauses are presumptively valid and should be enforced unless the clause is unreasonable and unjust." Bryant Elec. Co. v. City of Fredericksburg, 762 F.2d 1192, 1196 (4th Cir. 1985) (internal quotation marks omitted).

> Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (internal quotation marks omitted).

In response to the Defendant's motion, the Plaintiffs argue that "enforcement of this clause would contravene South Carolina's strong public policy against foreign forum selection clauses." (Pls.' Mem. Opp'n Mot. Dismiss 8.) "A contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in

which suit is brought, whether declared by statute or by judicial decision." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). S.C. Code Ann. § 15-7-120 states,

> Notwithstanding a provision in a contract requiring a cause of action arising under it to be brought in a location other than as provided in this title and the South Carolina Rules of Civil Procedure for a similar cause of action, the cause of action alternatively may be brought in the manner provided in this title and the South Carolina Rules of Civil Procedure for such causes of action.

S.C. Code Ann. § 15-7-120(A) (2005). While this statute is not controlling,[1] the court finds it is evidence of a strong public policy in South Carolina of non-enforcement of a forum selection clause that would deprive a South Carolina litigant of his choice of forum. See Ins. Prods. Mktg., Inc. v. Indianapolis Life Ins. Co., 176 F. Supp. 2d 544, 550 (D.S.C. 2001) (holding that a forum selection clause is unenforceable because § 15-7-120 "represents the *strong* public policy of South Carolina"). Specifically, the court in Insurance Products found that, by enacting S.C. Code Ann. § 15-7-120, the "legislature of South Carolina did not agree with the federal courts' favorable view of forum selection clauses and desired to insulate South Carolina litigants from their effect." Id. Further, the South Carolina Court of Appeals has broadly interpreted the statute. See Johnson v. Paraplane Corp., 460 S.E.2d 398, 399-400 (S.C. Ct. App. 1995), vacated on other grounds, 468 S.E.2d 620 (S.C. 1996).

The court recognizes that no South Carolina court has explicitly stated whether South Carolina has a strong public policy against forum selection clauses that would deprive a citizen of his choice of forum. Further, the court recognizes that other cases within this district have concluded that the statute is not evidence of a strong public policy against forum selection

---

[1] Federal law governs the effect of a forum selection clause on a motion to dismiss for improper venue. See Ins. Prods. Mktg., Inc., 176 F. Supp. 2d at 547.

5

clauses. Atlantic Floor Servs., Inc. v. Wal-Mart Stores, Inc., 334 F. Supp. 2d 875, 879-80 (D.S.C. 2004) ("[D]espite numerous opportunities, South Carolina's appellate courts have not suggested, much less declared, that forum selection clauses violate the public policy of the State"); Power-Linx, Inc. v. Satius, Inc., No. 4:05-CV-3281-TLW, 2006 WL 2038263, at *4 (D.S.C. July 20, 2006) (unpublished) ("While S.C. Code § 1570(B) suggests disapproval and concern about forum selection clauses, it does not provide sufficient clarity to void a forum selection clause in a contract agreed upon between two sophisticated business parties."); Gregg v. GI Apparel, Inc., 2006 WL 346423 (D.S.C. Feb. 14, 2006) ("South Carolina appellate courts have enforced forum selection clauses on several occasions and have never suggested that forum selection clauses violate the public policy of South Carolina. Without a clearer pronouncement from the South Carolina legislature or courts, this court is unable to find that the enforcement of a forum selection clause contravenes a strong public policy of the state of South Carolina." (Internal citations omitted)); Consolid. Insured Benefits, Inc. v. Conseco Med. Ins. Co., No. 6:03-3211-RBH, 2006 WL 2864425, at *5 (D.S.C. Oct. 4, 2006) (unpublished) ("[T]he decisions of South Carolina's state courts do not reflect that forum selection clauses violate the 'strong public policy' of South Carolina.").

The court agrees that the legislature has not declared the state policy in the text of the statute. However, the statute embodies South Carolina's policy against forum selection clauses through what it expressly allows. The statute permits a plaintiff, who would otherwise be bound to bring a case in the forum designated in a forum selection clause, to bring the case in South Carolina where possible under the South Carolina Rules of Civil Procedure.

6

The court declines to adopt the reasoning in the Atlantic Floor decision. The Atlantic Floor court cited three cases, St. John's Episcopal Mission Center v. South Carolina Department of Social Services, 280 S.E.2d 207 (S.C. 1981), Security Credit Leasing Inc. v. Armaly, 529 S.E.2d 283 (S.C. Ct. App. 2000), and Firestone Financial Corp. v. Owens, 419 S.E.2d 830 (S.C. Ct. App. 1992). The court finds that these cases are unpersuasive. St. John's was decided before S.C. Code Ann. § 15-7-120(A) was adopted in 1990. See Atlantic Floor, 334 F.Supp.2d at 879.

Further, Security Credit and Firestone were both decided after the statute was enacted, but the question before the court in both cases – whether the courts in which the trials were held had jurisdiction – differed from the question before this court. In Security Credit and Firestone, the plaintiffs brought the cases in the forums required by the forum selection clauses. Sec. Credit, 529 S.E.2d at 285-86; Firestone, 419 S.E.2d at 831. Accordingly, the South Carolina courts were not evaluating whether the plaintiff could bring the case in South Carolina, but instead whether the forum set forth in the forum selection clause had jurisdiction and whether the resulting decisions should be upheld. See Sec. Credit, 529 S.E.2d at 286-87; Firestone, 419 S.E.2d at 832. S.C. Code Ann. § 15-7-120(A) does not prevent a plaintiff from bringing a case in the forum designated in the forum selection clause; rather, the statute allows a plaintiff to bring the case in South Carolina. The courts in Security Credit and Firestone did not need to address the statute or the state's public policy with respect to forum selection clauses because the plaintiffs had not attempted to bring the cases in South Carolina. In addition, recently, in Johnson & Building Environmental Services, Inc. v. Key Equipment Finance, 627 S.E.2d 740, 741-42 (S.C. 2006), the South Carolina Supreme Court cited

Insurance Products for the proposition that South Carolina generally disfavors forum selection clauses.

Based on the foregoing, the court concludes that there is a strong public policy in South Carolina against forum selection clauses. As such, the forum selection clause is "unreasonable" under Allen.[2]

It is therefore

**ORDERED** that Defendant's motion to dismiss, docket number 4, is denied.

**IT IS SO ORDERED.**

        s/Henry M. Herlong, Jr.
        United States District Judge

Greenville, South Carolina
September 26, 2007

---

[2] Having found that the forum selection clause is unreasonable, the court finds that it is unnecessary for the court to consider the Plaintiffs' argument that the forum selection clause in the franchise agreements does not apply to the guaranty agreements.